IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomas Perkins, | ) | |
| and on behalf of Yoshiko Marchbanks | ) | C/A No. 6:17-cv-01303-TMC |
| c/o Yamashiro House LLC (dissolved), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Glenda Tucker, *Gray Court Magistrate,* | ) | |
| Andrew Turner, *Laurens County Sheriff's Office*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a prisoner proceeding pro se and *in forma pauperis*, filed this civil action

pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil

Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling.

Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF

No. 21), recommending that the court dismiss the Complaint (ECF No. 1) without

prejudice and that the court deny Plaintiff's pending Motion for Recusal of the Magistrate

(ECF No. 4) and Motion for Summary Judgment (ECF No. 12) and terminate those

motions as moot. Plaintiff was advised of his right to file objections to the Report. (ECF

No. 21 at 9). Plaintiff filed objections to the Report. (ECF No. 24).

The recommendations set forth in the Report have no presumptive weight, and

this court remains responsible for making a final determination in this matter. *See*

*Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de*

*novo* determination of those portions of a magistrate judge's report to which a specific

objection is made, and the court may accept, reject, modify, in whole or in part, the

1

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

The magistrate judge summarized the facts of this action in her Report. (ECF No. 21). Briefly stated, Plaintiff was arrested for breach of peace and detained for several days following what Plaintiff asserts was a lawful attempt at a citizen's arrest of a "junkyard gang." (ECF No. 1 at 8, 10). Plaintiff asserts that the "junkyard gang" was playing loud music and burning an animal torso, so he attempted to arrest them. *Id.* at 10. However, the gang refused to comply and chased an unarmed Plaintiff into the woods. *Id.* at 5. Plaintiff alleges that he was arrested by Defendant Andrew Turner pursuant to a false arrest warrant issued by Magistrate Judge Glenda Tucker. *Id.* at 9. Plaintiff believes this may be in retaliation for him refusing to sell his land to Magistrate Judge Tucker in 2005. *Id.*

On May 25, 2017, Plaintiff filed a pleading construed as a "Motion for Recusal" of Magistrate Judge Tucker (though Plaintiff contends it is a "motion to rescue"). (ECF No. 4). Plaintiff asked that Judge Tucker not handle his state charge. *Id.* Additionally, Plaintiff sought to remove his state charge to the federal courts. *Id.* On June 8, 2017, Plaintiff supplemented that motion and requested a "notice of appeal" from the Gray

Court Magistrate decision. *Id.* Once more, Plaintiff attempted to invoke federal jurisdiction over the state criminal charge against him. *Id.*

On June 16, 2017, Plaintiff filed a Motion for Summary Judgment. (ECF No. 12). He alleges false arrest, false imprisonment, and malicious prosecution. (ECF No. 12-1). He alleges that he has been persecuted against by the white "good ol' boys" in this system and requests that his damages be awarded as a matter of law. *Id.* at 7. Plaintiff asks for damages for loss of consortium and emotional distress. *Id.* He asserts $666,666.66 in damages and asks that these be trebled to account for punitive damages. *Id.* In his objections to the magistrate judge's Report, Plaintiff purports to defect from the United States, and he charges the United States with helping him gain Japanese citizenship and paying for him to start a life there. (ECF No. 24 at 2). Before the court is the magistrate judge's Report and Recommendation on Plaintiff's motion for recusal and motion for summary judgment. (ECF 21).

## II. DISCUSSION

Rather than containing specific objections to the magistrate judge's findings, Plaintiff's objections largely restate his claims and reiterate his distrust of the legal system.[1] However, the court is able to glean that the Plaintiff does specifically object to the finding in the Report that he does not have standing to sue on behalf of Yoshiko

---

[1] In relation to the Plaintiff's objections, the court must address the profanity and abusive language contained therein. While Plaintiff may be frustrated, this is no excuse for the language Plaintiff used, and the court will not tolerate it. "Due to the very nature of the court as an institution, it must and does have the inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). Although this court recognizes the leniency typically afforded to pro se parties, this court considers the profanity used by Plaintiff to be harassment and sanctionable under Rule 11 of the Federal Rules of Civil Procedure. In order for the court to impose sanctions *sua sponte* under Rule 11, a party must be given notice that sanctions are being considered. Fed. R. Civ. P. 11(c)(1)(B). Accordingly, Plaintiff is hereby advised that Rule 11 sanctions will be considered in the future any time that he submits correspondence or pleadings containing offensive, abusive, or profane language.

Marchbanks or his dissolved company, Yamashiro House LLC. Upon review, this court determines that Plaintiff does not have standing to sue on behalf of either his dissolved company or Yoshiko Marchbanks.

Plaintiff filed this lawsuit as a pro se plaintiff *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Plaintiff states that he can sue on behalf Yamashiro House LLC. Plaintiff also asserts that he can sue for Yoshiko Marchbanks because she is "common law married to the dissolved company." These arguments fail for multiple reasons. Although an individual has the right to litigate his own claims in federal court, the right to litigate for oneself does not extend to others. *See Myers v. Loudoun Co. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a pro se petitioner unassisted by counsel cannot be an advocate for others in a class action). Therefore, Plaintiff's right to litigate for himself does not extend to being able to litigate for Ms. Marchbanks or for Yamashiro House LLC.

Additionally, a pro se plaintiff cannot represent a company in a civil action. *See e.g. United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008). Thus, Plaintiff has no standing to represent Yamashiro House LLC. It is well established that a pro se litigant cannot represent a corporation in a civil action. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("A corporation may appear in the federal courts only through licensed counsel."). Plaintiff contends that his company is not a "corporation" and that, therefore, he is not precluded from representing Yamashiro House LLC in this case. However, courts outside our jurisdiction have held that limited liability companies, like Yamashiro House LLC, are precluded from proceeding pro se as well. *See e.g. Hagerman*, 545 F.3d at 581–82. Furthermore, Plaintiff has filed this case *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915, which has allowed Plaintiff to file this action without prepaying fees and costs to the court. (ECF Nos. 2, 9). The Supreme Court has held that only natural citizens may take advantage of proceeding *in forma pauperis*. *Rowland*, 506 U.S. at 196. Therefore, artificial entities, such as limited liability companies, are precluded from filing cases pursuant to § 1915 and from benefitting from its provisions. *See id.* Thus, even if Plaintiff had standing to sue on behalf of Yamashiro House LLC, he could not do so *in forma pauperis*.

As for the Plaintiffs remaining objections, this court finds that the objections were restatements of his initial claims and that the magistrate has sufficiently disposed of those claims in her Report. (ECF No. 21).

### III. CONCLUSION

After a thorough review of the Report and of the record in accordance with the standard set forth above, the court adopts the Report and incorporates it herein by reference. Therefore, Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice.** Furthermore, Plaintiff's Motion for Recusal of the Magistrate (ECF No. 4) and Motion for Summary Judgment (ECF No. 12) are hereby **DENIED AS MOOT.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 4, 2017
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.